**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES of AMERICA,

    Plaintiff,

v.                                                                                             Case No. 07-20076

VIRGIL SENIOR,

    Defendant.
                                                        /

**OPINION AND ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION AND DIRECTING DEFENDANT TO FILE MEMORANDUM**

Pending before the court is Defendant Virgil Senior's motion for "Status Clarification of Sentence" and "Motion to Have Jail Time Credited to Sentence." In his motion, Defendant asks the court to credit him with the time he served as a state prisoner for a parole violation. For the reasons stated below, the court intends to construe Defendant's motion as a petition for habeas corpus under 28 U.S.C. § 2241.

While serving a prison term for a parole violation, Defendant was charged and eventually pleaded guilty in federal court of possessing with the intent to distribute less than fifty grams of cocaine. The court sentenced Defendant to 132 months of imprisonment to be served concurrently with his state conviction. Defendant now asks the court to credit him with time served, as applied against the 132-month federal conviction, for some five hundred days that he spent in state prison before the federal sentence was imposed.

Although Defendant's motion does not cite any legal authority, the relief requested is properly submitted to the court with a petition for habeas corpus brought under 28 U.S.C. § 2241. A defendant is entitled to relief under § 2241 if he or she demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).

Before characterizing Defendant's motion as a § 2241 motion, however, Defendant should be given the opportunity to withdraw his filing. *See In re Shelton*, 295

F.3d 620, 622 (6th Cir. 2002) (§ 2255). This is because "[a]n unintended byproduct of [liberally construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act prevents a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable." *See* 28 U.S.C. § 2255. Because this same procedure operates on successive § 2241 petitions, *In re Marsch*, 209 F. App'x 481, 482-83 (6th Cir. 2006), a defendant should be given the same opportunity to withdraw when a motion is construed as a § 2241 petition. Thus, the prisoner must be aware that the court's construction of his motion may limit his ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

Accordingly, Defendant is hereby NOTIFIED that the court intends to construe his motion for "Status Clarification of Sentence" and "Motion to Have Jail Time Credited to Sentence" as a petition for relief under 28 U.S.C. § 2241.

Defendant is DIRECTED to file a one-page memorandum on or before **April 12, 2010**, indicating whether he agrees with the court's intended characterization of his filing or whether he withdraws his motion for "Status Clarification of Sentence" and "Motion to Have Jail Time Credited to Sentence." In the event Defendant does not file a memorandum on or before **April 12, 2010**, his filing will be deemed a petition filed under § 2241.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2010, by electronic and/or ordinary mail.

s/Deborah J. Goltz<br>
Case Manager

2